**In re James C. PLATTS, Petitioner.**

No. 14–1017.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
July 3, 2014.

Opinion filed: July 11, 2014.

James C. Platts, Bruceton Mills, WV,
pro se.

Before: FUENTES, JORDAN and
SHWARTZ, Circuit Judges.

OPINION

PER CURIAM.

Pro se petitioner James Platts has filed
a petition for writ of mandamus seeking an
order compelling the District Court to
grant his request for discovery under Rule
6 of the Rules Governing 28 U.S.C. § 2255
Proceedings. We will deny the petition.

After a trial in the Western District of
Pennsylvania, a jury found Platts guilty of
income-tax evasion and nonpayment, and
the District Court sentenced him to 60
months' imprisonment. Platts appealed,
and we affirmed the judgment. *See United
States v. Platts*, 332 Fed.Appx. 725 (3d
Cir.2009). Platts next filed a motion for
relief from the judgment under 28 U.S.C.
§ 2255. The District Court denied that
motion, and we refused to issue a certifi-
cate of appealability. *See* C.A. No. 10–
1438. Platts has since filed two applica-
tions under 28 U.S.C. § 2244 to authorize
the District Court to consider another

§ 2255 motion; we denied each of those
applications. *See* C.A. Nos. 12–3870, 13–
1120.

Platts has now filed the instant petition
for mandamus, contending that he should
be permitted to take discovery in support
of his claims that the government withheld
exculpatory evidence in violation of its obli-
gations under *Brady v. Maryland*, 373
U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215
(1963). However, Platts raised these *Bra-
dy* claims, and requested the attendant
discovery, in his initial § 2255 action. The
District Court denied the § 2255 motion
and the request for discovery. Platts may
not use a mandamus action to appeal those
unfavorable rulings—or to seek reconsid-
eration of our subsequent order denying a
certificate of appealability. *See Madden v.
Myers*, 102 F.3d 74, 77 (3d Cir.1996); *see
also Helstoski v. Meanor*, 442 U.S. 500,
506, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (a
court will not issue a writ of mandamus
where the petitioner "could readily have
secured review of the ruling complained of
and all objectives now sought, by direct
appeal"). Thus, Platts is not entitled to
mandamus relief.

Further, the Court will issue a writ of
mandamus only if Platts can show a "clear
and undisputable" right to the discovery
he seeks. *Allied Chem. Corp. v. Daiflon,
Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 66
L.Ed.2d 193 (1980) (per curiam) (quotation
marks omitted). He cannot make that
showing. As an initial matter, because
Platts does not have a pending § 2255
action in the District Court, it is far from
clear that he is permitted under Rule 6 to
obtain any discovery whatsoever. *See Cal-
deron v. U.S. Dist. Court for N. Dist. of
Cal.*, 98 F.3d 1102, 1106 (9th Cir.1996)
(holding that no discovery is permissible in
similar circumstances). Moreover, the
right to discovery in a § 2255 case de-
pends on whether the defendant can pro-

vide "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley,* 520 U.S. 899, 908–09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (quotation marks, alteration omitted). Given that Platts seeks discovery to advance the same *Brady* claims that he presented (without success) in his initial § 2255 motion, he cannot establish that he has a clear and undisputable right to relief. *See Gallagher v. United States,* 711 F.3d 315, 315 (2d Cir.2013) ("We must dismiss a claim that was presented in a prior motion under § 2255.").

Accordingly, we will deny Platts's mandamus petition. We also deny the motion to compel that Platts filed in this Court.